SCHOTT, Judge
(concurring with written reasons).
An appeal was taken by defendant from an injunction in favor of plaintiff providing as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be affirmative judgment in favor of the plaintiff and against the defendant, Excaliber Books, Inc., prohibiting the sale of obscene books, as defined by Louisiana law, from the location of 3813 Tulane Avenue, after July 20, 1973, at 5:00 P.M., under penalty of contempt of court.”
Defendant has appealed on the basis of Gulf States Theatres of Louisiana, Inc. v. Richardson, La.Sup.Ct.1973, 287 So.2d 480.
Plaintiff has filed no brief in this Court and made no appearance when the case was scheduled for oral argument.
When these proceedings were initiated the only legal definition of obscenity available to the parties • was that found in LSA-R.S. 14:106A(2). But this statute was specifically declared unconstitutional by our Supreme Court in the cited case.
While it is crystal clear to anyone that the material described in plaintiff’s petition and in the trial judge’s reasons for judgment in this case is unmitigated filth whose characterization as obscene is the only conclusion reasonable minds can reach, and for the purpose of which characterization legal definitions hardly seem necessary, the fact remains that the plain wording of this injunction depends upon the existence of such a legal definition and no such viable definition now exists in our law.
The curtailing of traffic in the type of garbage, which is the subject of this case, is a matter which cries out to the legislature for immediate remedial action. The fiber of our society can certainly be damaged by this trash being sold in the market place. But until the legislature acts, these purveyors of filth will be able to operate without restraint in the sale of materials which constitute yile perversions of human love and sexuality.
Happily, the legislature is now in session and can remedy this situation even by means of emergency legislation if they see fit to do so.
I concur in the result.